IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. GUL M. CHUGHTAI,<br><br>                  Plaintiff,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>                  Defendants. | CIVIL ACTION<br>NO. 15-0352 |

**ORDER**

**AND NOW**, this 20th day of April 2016, upon consideration of Plaintiff's "Reconsideration of Appeal" (Doc. No. 33), Defendants' Response in Opposition (Doc. No. 34), and Plaintiff's Reply (Doc. No. 35), it is **ORDERED** that Plaintiff's "Reconsideration of Appeal" (Doc. No. 33) is **DENIED**.[1]

---

[1] On December 23, 2015, this Court granted Defendants' Motions to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. Nos. 31, 32.) Defendant has now filed a "Reconsideration of Appeal" (Doc. No. 33), which the Court interprets as a Motion for Reconsideration of the Court's dismissal of his Complaint (Doc. Nos. 31, 32). Specifically, Defendant states, "Appealant [sic], Dr. Gul M. Chughtai resubmit[s] this request of reconsideration of my appeal to this Hon Court against Malcolm Grow USAF Medical Center (MGMC), Andrews AFB, MD who terminated me unlawfully with malicious conspiracy based on retaliation, reprisal, harrasment [sic], concealing crimes, racial discrimination due to race, color, creed and country of national origin." (Doc. No. 33 at 1.) In his Motion, Plaintiff requests, *inter alia*, that the Court order the commander of MGMC to provide evidence that radioactive material was not administered to patients and appoint an investigation committee to "probe in depth" incidents of retaliation against Plaintiff. (Doc. No. 33 at 2, 3.) In their Response, Defendants urge the Court to deny Plaintiff's Motion as untimely, or alternatively as meritless, because Plaintiff fails to set forth any basis for reconsideration. (Doc. No. 34 at 2.) Defendants argue that Plaintiff's Motion is "little more than a reformatted version of his complaint" and "reasserts the same allegations that Chughtai has raised in various fora for the past twenty-five years." (Doc. No. 34 at 3.) Plaintiff's Reply to Defendants' Response (Doc. No. 35) is identical to his "Reconsideration of Appeal."

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)).  Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked.  It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'"  In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).  Therefore, "[m]ere dissatisfaction with the Court's ruling is not a proper basis for reconsideration."  Boardakan Rest. LLC v. Atl. Pier Associates, LLC, No. CIV. A. 11-5676, 2013 WL 5468264, at *4 (E.D. Pa. Oct. 2, 2013).  Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  In re Asbestos Products Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Local Rule 7.1(g) of this Court requires a motion for reconsideration to be filed "within fourteen (14) days after the entry of the order concerned," and Federal Rule of Civil Procedure 59(e) (New Trial; Altering or Amending a Judgment) requires a motion for reconsideration to be filed within twenty-eight days after entry of judgment.

First, Plaintiff's Motion is untimely.  On December 23, 2015, this Court entered an Order granting Defendants' Motions to Dismiss the Complaint (Doc. No. 32).  On March 1, 2016—69 days after the Court granted the Motions to Dismiss—Plaintiff filed the instant Motion.  At that time, the deadline to file a motion for reconsideration had passed.

Second, even if Plaintiff's Motion had been timely filed, it lacks merit.  Plaintiff makes no showing in his Motion of either (1) an intervening change in controlling law; (2) new evidence that was unavailable when the Court issued its Order dismissing Plaintiff's Complaint; or (3) the need to correct a clear error of law or prevent manifest injustice.  See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  Instead, Plaintiff's "Reconsideration of Appeal" (Doc. No. 33) is a recitation of the allegations in his Complaint with additional requests such as the appointment of an "investigation committee."  (See Doc. No. 33 at 3.)  For these reasons, Plaintiff's "Reconsideration of Appeal" (Doc. No. 33) will be denied.