IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DR. GUL M. CHUGHTAI,<br><br>                    Plaintiff,<br><br>      v.<br><br>BARACK OBAMA, et al.,<br><br>                    Defendants. | CIVIL ACTION<br>NO. 15-0352 |

## ORDER

**AND NOW**, this 11th day of July 2016, upon consideration of Plaintiff's Motion for an Extension of Time to File an Appeal (Doc. No. 37) and Defendants' Response in Opposition (Doc. No. 38), it is **ORDERED** that Plaintiff's Motion (Doc. No. 37) is **DENIED**.[1]

---

[1] On December 23, 2015, this Court granted Defendants' Motions to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. (Doc. Nos. 31, 32.) On March 1, Plaintiff filed a "Reconsideration of Appeal" (Doc. No. 33), which the Court interpreted as a Motion for Reconsideration and denied on April 20, 2016 (Doc. No. 36). Plaintiff filed the instant Motion for an Extension of Time to File an Appeal on May 24, 2016. (Doc. No. 37.) Defendants filed a Response in Opposition on May 31, 2016. (Doc. No. 39.)

Plaintiff requests an extension of time to file an appeal because he was in a car accident and was hospitalized for hypertension, dehydration, dizziness, high blood pressure, and high blood sugar levels. (Doc. No. 37 at 1.) In his Motion, and in a separate Application filed the same day, Plaintiff requests that he be granted *in forma pauperis* status because he is unemployed and cannot pay the appeal fees. (Id; Doc. No. 38.) In their Response, Defendants urge the Court not to grant Plaintiff an extension because his request is untimely. (Doc. No. 39 at 2.)

Under Federal Rule of Appellate Procedure 4(a)(1)(B), Plaintiff had 60 days after the Court granted Defendants' Motions to Dismiss to file a notice of appeal. The Court granted Defendants' Motions to Dismiss on December 23, 2015; therefore, Plaintiff had until February 22, 2016 to file a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time to appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." As noted, Plaintiff filed the present Motion on May 24, 2016, 92 days after the deadline to file an appeal had passed. Therefore, Rule 4(a)(5) does not allow for an extension in this case.

BY THE COURT:


<u>/s/ Joel H. Slomsky</u>
JOEL H. SLOMSKY, J.

---

A plaintiff may move to reopen the time to file an appeal under Federal Rule of Appellate Procedure Rule 4(a)(6).  Under Rule 4(a)(6), a district court may reopen the time to file an appeal only if "all of the following conditions are satisfied":

> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4.  First, Rule 4(a)(6) cannot provide Plaintiff relief because there is no indication that Plaintiff did not receive notice of the Court's December 23, 2015 Order granting Defendants' Motions to Dismiss, nor does Plaintiff argue that he did not receive notice.  Second, Rule 4(a)(6)(B) requires that Plaintiff's Motion be filed within 14 days after he received notice of the Court's December 23, 2015 Order.  Even if Plaintiff did not immediately receive notice of the Order, he had notice of the Order when he filed his Motion for Reconsideration on March 1, 2016.  Because more than 14 days have passed since that filing, Plaintiff does not meet the requirements of Rule 4(a)(6) for the reopening of the time to file an appeal.

For these reasons, the Motion for an Extension of Time to File an Appeal (Doc. No. 37) will be denied, and his Application to Proceed without Prepaying Fees or Costs (Doc. No. 38) will be denied as moot.